Filed 07/19/24  P. v. Vlasov CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099516 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F02479) |
| v. | |
| MIKHAEL PAVLOVICH VLASOV, | |
| Defendant and Appellant. | |

Defendant Mikhael Pavlovich Vlasov is currently serving a life sentence without the possibility of parole for a special circumstance murder he committed at age 18. Defendant moved the trial court for a *Franklin/Cook*[1] hearing to develop and preserve evidence for later use in a youth offender parole hearing under Penal Code section 3051. (Undesignated section references are to the Penal Code.)  The trial court denied the

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*); *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

motion, finding that youth offender parole hearings are not available for people like defendant who are serving life sentences without the possibility of parole for crimes they committed after turning 18.

Defendant appeals, arguing that section 3051 violates federal and state constitutional equal protection principles because it excludes young adult offenders sentenced to life without the possibility of parole from early parole eligibility. Our Supreme Court recently rejected this argument in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), finding that section 3051 comports with equal protection. We are bound by that decision and affirm.

## BACKGROUND

In 2005, a jury found defendant guilty of first degree special circumstance murder during the commission of an attempted robbery and attempted carjacking, among other offenses. Defendant was 18 when he committed the crimes. He was sentenced to life without the possibility of parole for the murder, plus 25 years to life for an attached firearm enhancement, and a determinate term of 27 years for the remaining offenses and enhancements.

In May 2023, defendant filed a postjudgment motion to develop and preserve evidence for later use in a youth offender parole hearing under section 3051. (See *Franklin, supra*, 63 Cal.4th at pp. 283-284 [an offender who will later become eligible for a youth offender parole hearing is entitled to an interim court proceeding to develop and preserve evidence of youth-related characteristics and circumstances at the time of the offense]; *Cook, supra*, 7 Cal.5th at pp. 458-459 [an offender whose sentence is otherwise final may obtain a *Franklin* hearing by filing a postjudgment motion in superior court].) Defendant's motion acknowledged that as an offender sentenced to life without parole for a crime committed as a young adult, he was not eligible for a youth offender parole hearing under existing law, but he asserted that his exclusion violated his rights to equal protection under the federal and state constitutions and the ban on cruel and unusual

2

punishment under the California constitution.  The trial court denied defendant's motion. Defendant timely appealed.

## DISCUSSION

As originally enacted, section 3051 afforded youth offender parole hearings only to juvenile offenders and excluded juvenile offenders sentenced to life without parole. (*People v. Morales* (2021) 67 Cal.App.5th 326, 346.)  The Legislature later increased the age threshold for offenders, first to 23 years, and then to 25 years, citing scientific research showing that cognitive brain development continues beyond the age of 18 into the mid-20's.  (§ 3051, subd. (a)(1) ["[a] youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of the controlling offense"]; § 4801, subd. (c) [when a prisoner commits his controlling offense as defined in section 3051 when he was 25 years of age or younger, the Board of Parole Hearings shall give great weight to the diminished culpability and hallmark features of youth as compared to adults]; *Morales*, at p. 346; *People v. Sands* (2021) 70 Cal.App.5th 193, 197-198 (*Sands*).)  The Legislature also amended section 3051 to extend youth offender parole hearings to juveniles sentenced to life without parole — a change intended to bring California into compliance with the constitutional requirements of *Miller v. Alabama* (2012) 567 U.S. 460 and *Montgomery v. Louisiana* (2016) 577 U.S. 190.  (§ 3051, subd. (b)(4); *Morales*, at p. 346; *Sands*, at p. 198.)

As a result of these amendments, most people convicted of an offense committed before the age of 26 are now eligible for a youth offender parole hearing after 15, 20, or 25 years in prison, depending on their controlling offense.  (§ 3051, subds. (a) & (b);

3

*Sands, supra*, 70 Cal.App.5th at p. 198.) But section 3051, subdivision (h)[2] continues to exclude certain categories of offenders from the youth offender parole hearing process, including young adult offenders sentenced to life without parole who committed the controlling offense between the ages of 18 and 25. (§ 3051, subd. (h); *Sands*, at p. 199.)

Defendant argues here that section 3051 violates state and federal equal protection guarantees[3] by irrationally discriminating against young adult offenders sentenced to life without parole, including those sentenced to life without parole for special circumstances murder while granting an opportunity for parole to young adult offenders with de facto life without parole sentences for first degree murder.

Our Supreme Court, however, recently rejected this argument in *Hardin*, holding that section 3051, subdivision (h)'s statutory exclusion of young adult life without parole offenders withstands rational basis scrutiny and therefore does not violate constitutional guarantees of equal protection. (*Hardin*, *supra*, 15 Cal.5th at pp. 838-839.) In doing so, our Supreme Court recognized that "special circumstance murder is a uniquely serious offense . . . [and] [w]hen it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison."

---

[2] Section 3051, subdivision (h) provides in relevant part: "This section shall not apply . . . to cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age. . . ."

[3] Although our Supreme Court's "analysis of state constitutional requirements sometimes deviates from how comparable federal requirements are analyzed, our precedent has not distinguished the state and federal guarantees of equal protection for claims arising from allegedly unequal consequences associated with different types of criminal offenses." (*People v. Chatman* (2018) 4 Cal.5th 277, 287.)

(*Id.* at p. 839.)  We are bound by this holding.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  We therefore reject defendant's equal protection claim and conclude that the trial court properly denied his motion for a *Franklin/Cook* hearing.[4]

## DISPOSITION

The order denying defendant's *Franklin/Cook* motion is affirmed.


       /s/_____
       MESIWALA, J.


We concur:


/s/_____
RENNER, Acting P. J.


/s/_____
BOULWARE EURIE, J.

---

[4] Defendant does not reassert his argument that section 3051 constitutes cruel and unusual punishment on appeal, and we do not address the issue further.